[No. 11715.   Department One. — September 15, 1887.]

ELLA M. ROSE, Respondent, *v.* NEVADA AND GRASS VALLEY WOOD AND LUMBER COMPANY et al., Appellants.

Public Land — Additional Homestead — Entry and Location by Agent — Alienation Prior to Issuance of Patent. — The provisions of chapter 5 of the United States Revised Statutes, requiring a homestead claimant of public lands to be an occupant thereof, and restricting his right to alienate the same prior to the issuance of the patent, are not applicable to the additional homesteads allowed to honorably discharged soldiers and sailors, under section 2306 of the Revised Statutes. Under the restrictions imposed by the commissioner of the general land-office, such additional homesteads may be located and entered by an agent or assignee of the claimant, and may be alienated by him prior to the issuance of the patent.

Appeal from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The action was brought to recover possession of certain land to which the plaintiff claimed title under a patent from the United States issued to one Benjamin

D. Gano on the 30th of April, 1883, as a soldier's additional homestead, and upon a deed therefor. executed by the said Gano by one A. L. Coombs, his attorney in fact.   Prior to the date of the patent, the land was public land of the United States.   On the 22d of March, 1880, Gano executed and delivered to one D. H. Talbot a power of attorney, with a right of substitution, authorizing him, or his appointee, to locate and enter at any United States land-office the additional homestead to which Gano was entitled under section 2306 of the United States Revised Statutes, and to sell and convey the same.   On the 9th of June, 1880, Talbot substituted, as attorney of Gano, the said A. L. Coombs, by whom the deed to the plaintiff was executed on the 13th of May, 1883.   To the introduction in evidence of the patent, power of attorney, and deed, the defendants objected, on the ground that they were void under the provisions of the United States Revised Statutes.   The court overruled the objection. . The further facts are stated in the opinion of the court.

*Cross & Simonds*, and *Gaylord & Searls*, for Appellants.

The provisions of the United States Revised Statutes, prohibiting a homesteader or pre-emptor of public land of the United States from alienating the same, are applicable to additional homestead entries made under section 2306 of the Revised Statutes.   (U. S. R. S., secs. 2304, 2306, 2288, 2262, 2290, 2291.) .

*Charles W. Kitts*, and *A. J. Ridge*, for Respondent.

The United States Revised Statutes do not place any restraint upon the right of alienating an additional homestead, nor require any residence or improvements thereon, — even location may be made by an agent. (U. S. R. S., sec. 2306; *Knight* v. *Leary*, 54 Wis. 459; *Mullen* v. *Wine*, 26 Fed. Rep. 206; Copp's Land Laws, 480; *Myers* v. *Croft*, 13 Wall. 291.)

Paterson, J. — The patent to plaintiff's grantor was issued under the provisions of section 2306, Revised Statutes of the United States. This section was a part of the act of Congress passed April 4, 1872, and is entirely independent of other sections of chapter 5, among which it is placed. (U. S. R. S., sec. 5596.) Unlike our codes, the Revised Statutes of the United States are not to be read as one act, it being expressly provided that "the arrangement and classification of the several sections of the revision have been made for the purpose of a more convenient and orderly arrangement of the same, and therefore no inference or presumption of a legislative construction is to be drawn by reason of the title under which any particular section is placed." (U. S. R. S., sec. 5600.) Under the act referred to as amended in June, 1872, the additional entry allowed to honorably discharged soldiers and sailors was confined to lands contiguous to the tract embraced in the first entry. (17 Stats. at Large, 333.) A year later this restriction was removed, and the section as originally passed was restored. The natural and logical conclusion to be drawn from these acts is, that occupancy on the part of the claimant is not required. The government certainly did not intend that the beneficiary should abandon his original homestead, which he has cultivated and improved, in order to secure the additional number of acres which he is authorized by the statute to locate at another place. The provisions of other sections of chapter 5, respecting residence upon the land entered are, therefore, inapplicable to the additional homestead entries under section 2306. (*Knight* v. *Leary*, 54 Wis. 459.) Assuming the irrevocable power of attorney from Gano and wife to Talbot to be, as claimed by appellant, an assignment of the applicant's right to the land, and of Gano's right to his additional homestead, still we find nothing in the statutes referred to which will authorize us in holding such power of

attorney to be null and void. As stated before, section 2306 is independent of the other provisions of chapter 5; and in the absence of an express prohibition against an alienation of the property by the claimant after the issuance of a certificate from the general land-office, to locate in person or by agent a certain number of acres, we cannot say that the right so to alienate does not exist. It is a right which need not in terms be granted by the sovereign authority, for it exists if not expressly prohibited, or opposed to public policy. The location and entry were made in the name of Gano, the beneficiary of the act. Congress has not said that the right to sell should not exist before actual entry, nor has it required any occupation, consideration, or duty of any kind as a condition precedent. In all cases where it has been the intention of Congress to prevent alienation by the beneficiary, such intention has been clearly expressed. Thus the act of Congress of 1854, under which the Sioux half-breed scrip was issued, provided expressly that no transfer or conveyance of the certificate should be valid. (*Myers* v. *Croft*, 13 Wall. 291; *Mullen* v. *Wine*, 26 Fed. Rep. 206.)

The commissioner of the general land-office has authority to make such regulations respecting the disposal of the public lands as he may deem proper, and such regulations, when not repugnant to the acts of Congress, have the force and effect of laws. (*Poppe* v. *Athern*, 42 Cal. 607.) The right of claimants to enter additional lands under section 2306, through attorneys and assignees, has been the subject of much discussion among the officers of the land department of the government. In a letter to the secretary of the interior, dated February 17, 1877, the commissioner called attention to the injustice and hardship of rules which had been formulated and adopted by the department regulating entries under section 2306. Acting upon the suggestions therein contained, Secretary Chandler directed a modi-

fication of his former decision so as to allow entries to be made by agents and assignees under certain restrictions. The officers of the land department received Gano's entry under his power of attorney to Talbot, considered the evidence respecting his claim to the land described in the complaint, and upon their decision the patent of the government has been issued to him in his name. There is nothing in the regulations under which they acted repugnant to the acts of Congress, and their action is final and conclusive.

We have considered this case upon its merits, disregarding the question of the sufficiency of appellant's assignments of error, or his right to attack the validity of the patent without showing that his claim is connected with the paramount source of title.

The judgment and order are affirmed.

TEMPLE, J., and McKINSTRY, J., concurred.