[No. 13104.  Department Two. — September 12, 1891.]

# GEORGE GRANT, RESPONDENT, v. FRANK OLIVER, APPELLANT.

PUBLIC LANDS — JURISDICTION OF LAND DEPARTMENT — CONCLUSIVENESS OF ACTION. — The action of the land department of the United States, within the scope of its authority, is binding and conclusive as to the disposition of public lands within its jurisdiction.

ID. — NEGLECT TO WEIGH EVIDENCE — ACTION OF SUBORDINATE OFFICERS — CONTEST OF HOMESTEAD BY PRE-EMPTIONER — CROSS-COMPLAINT IN EJECTMENT. — A cross-complaint in an action of ejectment alleging that the officers of the land department, upon appeal, had neglected to read, examine, or weigh the evidence taken before them upon a contest of the application for a homestead of the plaintiff's grantor, to whom a patent was issued, and had filed written opinions adverse to the claim of the defendant as a pre-emptioner, which had been compiled and fabricated by clerks and subordinates, presents no facts entitling the defendant to a judgment that the patent be declared void.

ID. — LAND WITHIN EXTERIOR BOUNDARIES OF FLOATING MEXICAN GRANT — VALIDITY OF HOMESTEAD CLAIM. — The fact that the land in controversy was, at the time of the filing of the application of the plaintiff's grantor for a homestead thereon, within the exterior boundaries of a Mexican grant does not render the homestead claim void, if the grant was a floating one, and the land in controversy was excluded from the final survey.

ID. — RESERVATION IN CASE OF FLOATING GRANT. — Under a floating Mexican grant, only the quantity of land actually granted was reserved during the examination as to the validity of the grant, and the remainder was at the disposal of the government as part of the public domain.

ID. — DECISION OF LAND DEPARTMENT UPON CONTEST — EFFECT OF POSSESSION OF PRE-EMPTOR UPON HOMESTEAD CLAIM. — Where the land department has jurisdiction of the subject-matter and the persons, its adjudication upon a contest of the question as to whether the continuous possession of a pre-emption claimant from a date prior to the filing of a homestead claim by another prevented the acquisition of any homestead claim is final and conclusive.

ID. — PATENT FOR HOMESTEAD CLAIM — RECITAL — ADDITIONAL HOMESTEAD OF DISCHARGED SOLDIER — BURDEN OF PROOF. — A recital in a patent to a homestead claimant that his claim thereto was established "pursuant to the act of Congress approved the twentieth day of May, 1862, to secure homesteads to actual settlers upon the public domain, and the acts supplemental thereto," is broad enough to include section 2306 of the Revised Statues, allowing additional homesteads to discharged soldiers without actual occupation thereof; but such patent does not cast upon the patentee or his grantee the burden of showing that the homestead was initiated under that section, and was not initiated and acquired under the laws requiring actual settlement and residence.

ID. — DEED OF SOLDIER'S ADDITIONAL HOMESTEAD — POWER OF ATTORNEY — SUBSEQUENT PATENT TO GRANTOR — EJECTMENT — EVIDENCE. — An additional homestead acquired by a soldier under section 2306 of the

Revised Statutes may be alienated prior to the issuance of the patent therefor; and a power of attorney authorizing a conveyance of such homestead, and a conveyance thereof pursuant to the power, executed prior to the issuance of the patent to his grantor, are admissible in evidence to sustain the right of the grantee to sue in ejectment for the land.

EJECTMENT — COLLATERAL ATTACK UPON PATENT — OFFER OF EVIDENCE — LOCATION OF LAND WITHIN MEXICAN GRANT. — Assuming that a patent may be attacked under the general issue of ownership in an action of ejectment, yet an offer of the defendant to prove that the property in controversy was within the exterior boundaries of a Mexican grant at the time of the presentation of a declaratory statement of homestead claim by the plaintiff's grantor is too uncertain and indefinite, and is properly rejected, there being no offer to show that the grant was not a floating grant.

ID. — EVIDENCE — DEED — ACKNOWLEDGMENT — DELAY OF NOTARIAL CERTIFICATE. — Where the execution of a deed is proved, and there is no question of actual or constructive notice involved, the deed is valid as between the grantor and grantee, without reference to its acknowledgment; and an objection to its admission in evidence in support of the title of a plaintiff in ejectment, that the notary's certificate was not made until over two years after the acknowledgment of the deed, is properly overruled.

ID. — PROOF OF DEED — RECORD — SECONDARY EVIDENCE. — Under section 1951 of the Code of Civil Procedure as it existed prior to the amendment of March 1, 1889, the admission in evidence of the record of a deed, without proof of the loss of the original or of the inability of the party offering the evidence to produce it, was erroneous.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The power of attorney referred to in the opinion of the court was a power from George W. Thomas and wife to R. V. Dey, dated March 7, 1878, authorizing the transfer of additional homestead lands acquired by Thomas under section 2306 of the Revised Statutes, and the conveyance thereunder was dated August 24, 1885. The patent for the claim was issued to Thomas September 7, 1887. . Further facts are stated in the opinion of the court.

*Thompson & Thompson,* and *E. W. Ashby,* for Appellant.

*A. A. Moore,* and *Moore & Reed,* for Respondent.

PATERSON, J. — This is an action to recover the possession of eighty acres of land situated in the county of Alameda. The answer denies all the allegations of the complaint. Defendant filed a cross-complaint, setting forth that he settled on the lands in controversy, with his family, claiming the same under the pre-emption laws of the United States, prior to July 8, 1878, and continuously since that date has resided and made valuable improvements thereon. The defendant then proceeds to show that Thomas's application for a homestead was filed at a time when the lands in controversy were not subject to sale under the land laws of the United States, because they were within the exterior boundaries of a Mexican grant; but notwithstanding this fact, the claim of Thomas, plaintiff's grantor, was approved by the officers of the land department in violation of law. It is alleged that the name of Thomas was fraudulently used for the benefit of one Benson, and that the commissioner of the general land-office and the Secretary of the Interior, in violation of the legal and equitable claim of the defendant, neglected to read, examine, or weigh the evidence taken before them on appeal from the decision of the register and receiver awarding the land to Thomas, and, without an examination of the record, signed and filed written opinions adverse to the claim of defendant, which had been compiled and fabricated by clerks and subordinates. It is further alleged that Thomas never executed any power of attorney to Dey, who, as attorney in fact, executed and delivered to the plaintiff the deed upon which he relies. The prayer is, that plaintiff take nothing by this action; that the patent from the United States to Thomas be declared void; and that upon defendant making payment to the receiver of two hundred dollars, the purchase price of the land in controversy, the President of the United States be required to issue and deliver to him a patent for the land.

There is no merit in the cross-complaint, and the plaintiff's demurrer to the same was properly sustained. There is nothing in the cross-complaint which takes the

case out of the general rule that the action of the land
department, acting within the scope of its authority, is
binding.    The land in controversy was within the juris-
diction of the land-officers; the merits of the defendant's
claim were presented to the commissioner of the general
land-office on appeal from the decision of the register
and receiver awarding the lands to Thomas, and to the
Secretary of the Interior on appeal from the decision
of the commissioner, and both of those officers decided
adversely to the claim.    On July 8, 1878, the official plat
of the township was filed in the land-office of the dis-
trict in which the lands were situated; and on that day
the application of Thomas for an additional homestead
was filed with the register and receiver.    Defendant's
pre-emption claim was filed July 12, 1878.    It is al-
leged that the lands were not subject to sale under the
laws of the United States when Thomas's application
was filed, because they were "within the granted and
confirmed exterior boundaries of the well-known private
Mexican grant Laguna de los Palos Colorados"; but
subsequent allegations show that on appeal to the cir-
cuit court from the decree of confirmation entered in
the district court, the grant was held to be a float of
three square leagues, and no more, and that it did not
attach to any specific land until it was located by the
surveyor within the exterior boundaries of the larger
tract described, and the survey was finally approved
by the officers of the land department.    The decree of
the circuit court was entered December 4, 1874, and the
field-notes and plat of the survey were approved by the
commissioner of the general land-office in April, 1878,
and by the Secretary of the Interior on August 10, 1878.
The land in controversy was excluded from the survey.
The grant being a float, only the quantity actually
granted was reserved during the examination as to the
validity of the grant; "the remainder was at the dis-
posal of the government as part of the public domain."
(*United States* v. *McLaughlin*, 127 U. S. 428.)

The allegations of the cross-complaint with respect to

XCI. CAL.—11

the conduct of the officers of the land department are so absurd that we do not deem it necessary to notice them. If they were true, and could be proved, the defendant would not be entitled to the relief he claims in this action.

It is claimed that defendant's continuous possession of the land from a date prior to the filing of the homestead claim on behalf of Thomas prevented the initiation or acquisition of any homestead claim. These are matters, however, which the land department heard, considered, and determined. That department of the government had jurisdiction of the subject-matter and of the persons, and its adjudication is final. It is not a case of an entire want of power, like the cases cited by appellant.

The patent from the United States to Thomas recites that the claim of Thomas to the land was established "pursuant to the act of Congress approved the 20th of May, 1862, 'to secure homesteads to actual settlers on the public domain,' and the acts supplemental thereto." If the homestead was acquired under section 2306, Revised Statutes of the United States, as the defendant states in his cross-complaint, the court did not err in overruling the objection to the power of attorney, and the title of Thomas passed by the deed from his attorney in fact to plaintiff. (*Rose* v. *Nevada Wood etc. Co.*, 73 Cal. 385.) While we cannot consider the matters alleged in the cross-complaint in determining whether the court erred, we may safely assume, as the case must be reversed on another point, that defendant has stated the facts correctly. Furthermore, "pursuant to the act of Congress approved May 20, 1862, . . . . and the acts supplemental thereto," is a general recital which doubtless was intended to cover all the acts of Congress relating to homesteads; certainly, the recital did not throw upon the plaintiff the burden of showing that the homestead was not initiated and acquired under the laws requiring actual settlement and residence by the claimant.

The offer of the defendant to prove "that this property was within the exterior boundaries of a Mexican grant at the time of the presentation of a declaratory statement by Thomas" was properly rejected. Assuming that a patent can be attacked under the general issue of ownership in actions of this kind, the offer was too uncertain and indefinite to entitle it to consideration. If the Mexican grant was a float, as defendant has shown it to be in the cross-complaint, which was put out of the pleadings on demurrer, the fact he offered to show could have no effect. Standing alone, it was immaterial.

Plaintiff, at the trial, offered in evidence the record of the deed from Thomas and wife by Dey, their attorney in fact, to plaintiff. The county recorder was called as a witness, and identified the book as a record of his office. Defendant objected to the admission of the evidence, on the ground that the original deed had not been accounted for, and on the further ground that the certificate of acknowledgment showed that the deed was acknowledged on August 24, 1885, and the certificate of the notary was not made until October 11, 1887.

We do not think that the second ground of the objection stated was well taken. If the original deed had been offered in evidence, and its execution had been proved, as it was proved by the testimony of the notary and Dey, it would have been immaterial if there had been no certificate of acknowledgment whatever; the deed would be valid as between Thomas and the plaintiff, and there is no question of notice, actual or constructive, involved in the transaction.

We think, however, that the court erred in admitting the record in evidence without proof of the loss of the original, or the inability of the plaintiff to produce it. In 1889, the legislature amended section 1951 of the Code of Civil Procedure so as to permit proof of a private writing, acknowledged or proved by the introduction of the original record of such writing, "without further proof"; but at the time this action was tried, April 18, 1888, such a record was admissible in evidence only "on

proof, by affidavit or otherwise, that the original is not in the possession or under the control of the party producing the certified copy. Sections 1919 and 1920 of the Code of Civil Procedure, cited by respondent, are not in point. They relate to proof of public writings. Where a private‚ writing is required for any purpose to be recorded, proof of the public recordation may be made by the introduction in evidence of the record itself, *or by a certified copy thereof,* under section 1919 of the Code of Civil Procedure; but proof of the writing itself, where there is a question as to its existence or validity, must be made in the manner required by section 1951. Sections 1919 and 1920 have been in the code from the time of its adoption. Section 1951 was added as a new section in 1874. Before the adoption of the new section, 1951, in 1874, it was held that section 1919 applied to cases of this kind. (*Vance* v. *Kohlberg,* 50 Cal. 348.) As section 1951 applies specifically to "every instrument conveying or affecting real property, acknowledged or proved and certified," it is apparent that it was intended to change the rule laid down in the case cited.

Judgment and order reversed, and cause remanded for a new trial.

McFARLAND, J., and DE HAVEN, J., concurred.

A motion for a modification of the judgment having been made, the following opinion was rendered thereon on the 12th of October, 1891: —

The COURT. — The appellant's motion to modify the judgment is denied. Upon filing *remittitur* in the court below, the appellant will be entitled to receive from the clerk the money he deposited with him, and also to restitution of the premises, but the motion and order therefor should be made in the superior court.