POURIER et al. v. BARNES. CHIPPEWA CO. v. WARNER. SAME v. RUTAN. SAME v. COFFIN. SAME v. PIPER. SAME v. WEBSTER.

(Circuit Court, D. Minnesota. October 18, 1893.)

PUBLIC LANDS—SOLDIERS' ADDITIONAL HOMESTEAD RIGHTS—ASSIGNABILITY.

The right to enter a soldier's additional homestead under Rev. St. § 2306, is an absolute right, not subject to the restrictions of the homestead act, and is assignable before entry made. Anderson v. Carkins, 10 Sup. Ct. Rep. 905, 135 U. S. 483, distinguished.

In Equity. Suit by Camille Pourier, Albert Pourier, Louis Rouchleau, Byron G. Segog, Becker Svendson, Samuel A. Siverts, Emma Bjoraker, and Anna M. Costello, Richard A. Costello, and John

T. Lucas, executors of the estate of John J. Costello, deceased, against Francis A. Barnes, to determine adverse claims to vacant lands. Decree for complainants.

Statement by NELSON, District Judge:

This action is instituted under the laws of the state of Minnesota for the purpose of determining adverse claims to the following tracts of land: The N. ½ of the S. W. ¼, section 5, and the S. E. ¼ of the N. E. ¼ of section 6, all in township 62 N., range 14 W. of the fourth principal meridian, the same being vacant and unoccupied. Defendant denies plaintiffs' ownership, and alleges title in himself.

The facts are that on February 10, 1880, Louisa Dryer executed and delivered to one James A. Boggs a power of attorney, whereby he was authorized to sell and convey, as he saw fit, any lands which she then owned, obtained by her as an "additional homestead" under section 2306, Rev. St. U. S., or that she might acquire under said act. The power of attorney further provided that Boggs should receive for his own use and benefit the proceeds of the sale of such lands, and all claim to the same was expressly released to him by Louisa Dryer. Power of substitution was also given to Boggs, and for a valuable consideration the power was made irrevocable. The lands referred to therein are those above described. The power of attorney was duly recorded in the office of the register of deeds for St. Louis county, Minn., January 11, 1888. On January 5, 1888, Louisa Dryer entered the lands above described in pursuance of section 2306, Rev. St. U. S., and the receiver's receipt for said entry, which was duly recorded in the above-mentioned office June 11, 1888, is as follows:

"Final Receiver's Receipt No. 1,354.

"Application No. 3,938. Homestead.

"Receiver's Office, Duluth, Minn., Jan'y 5th, 1888.

"Received of Louisa Dryer the sum of three dollars ———— cents, being the balance of payment required by law for the entry of S. E. ¼ of N. E. ¼ of Sec. 6, and N. ½ of S. W. ¼ of section 5, in township 62 N. of range 14 W., containing 120 acres, under section 2306 of the Revised Statutes of the United States. C. P. Maginnis, Receiver."

On January 5, 1888, Boggs as the attorney in fact for Louisa Dryer, and in pursuance of the power of attorney, executed and delivered on her behalf certain warranty deeds purporting to convey, for a valuable consideration, an undivided one-fourth interest in the lands above described to each of the following persons, viz. Joseph Le Page, John J. Costello, Camille Pourier, and Albert Pourier, all of which deeds were duly recorded in the office of the register of deeds for St. Louis county, Minn., on the 11th day of January, 1888. The interest of Joseph Le Page in the real estate so conveyed to him has passed, by duly-executed deeds of conveyance, to the complainants Louis Rouchleau, Byron G. Segog, Becker Svendson, Samuel A. Siverts, and Emma Bjoraker. On September 2, 1888, a patent issued to Louisa Dryer for the lands described in the receiver's certificate, which was duly recorded in the office above named for St. Louis county, Minn. In 1890 and 1891 the heirs at law of Louisa Dryer, deceased, conveyed by quitclaim deed all the premises above described to Francis A. Barnes. The title of complainants to the land in controversy rests entirely upon the validity of the power of attorney executed by Louisa Dryer to Boggs, and the question is thus presented whether or not that power is valid under the statutes relating to additional homesteads.

Alfred Jaques, Theo. T. Hudson, and Draper, Davis & Hollister, (J. H. Chandler, of counsel,) for complainants.

D. H. Twomey and Page Morris, for defendant.

NELSON, District Judge, (after stating the facts.) Conceding that the instrument executed by Louisa Dryer to Boggs gives, not

only the right to sell and convey the land after location, but includes also an assignment of the right to enter the additional land under section 2306, the question arises, is that right assignable? The answer must be that it is, unless the power so to do is expressly or impliedly restrained. The original homestead act of May 20, 1862, required occupation, an oath of exclusive use and benefit at the time of entry, and of nonalienation at the time of final proof. April 4, 1872, an act was passed, the second section of which gave additional homesteads to soldiers, and as first enacted it seemed to indicate that the entry of the additional homestead must be made in accordance with the provisions of the act of 1862, above referred to. This section was amended June 8, 1872, and subsequently March 3, 1873; and if we look at the history of this legislation, and examine the original act and amendments thereto, (contained in 17 Stat. 49, 333, 605,) it seems clear that the right to enter additional land was given to the soldier as a gratuity. As said by Judge Brewer in Mullen v. Wine, 26 Fed. Rep. 206.

"Services already rendered during the war are the consideration. The homestead duty of occupation or improvement has already been performed. It amounts simply to this: In view of what has been done, congress makes this gift. It places no restriction on the donee, but leaves him to use the gift as he sees fit."

I think the amendment of March 3, 1873, which is section 2306, Rev. St. U. S., granted the absolute right to the extra land, to be taken, not necessarily contiguous to the original homestead, nor subject to the restrictions of the homestead act, and was tantamount to the right formerly held by the holder of a land warrant. Nothing had to be done to perfect it, and it was therefore the subject of sale. It seems to me that to ingraft the restrictions in the homestead act of 1862, as modified by the first section of the act of 1872, upon section 2306, would tend to defeat the legislative will, for the terms of that section are plain, and the rule established in such cases is that, where congress enacts a plain provision without limitation, no limitation can be imposed by the court.

Counsel for defendant assert that the power of attorney to Boggs is in contravention of the laws of the United States, and is against public policy. It is difficult to see how that can be, in the absence of restrictive or prohibitory legislation. An individual owning property, or a right to property, necessarily has the power of alienation; and public policy rather favors the theory that a man may do what he chooses with his own, unhampered by restrictions or hindrances. As said by the supreme court of Wisconsin in Knight v. Leary, 54 Wis. 459, 11 N. W. Rep. 600:

"It is sufficient to say that the law does not favor restraints upon alienation, and nothing short of a positive provision to that effect will justify the court in holding that a statute imposes such restraints."

I find nothing in the case of Anderson v. Carkins, 135 U. S. 483, 10 Sup. Ct. Rep. 905, cited by counsel for defendant, conflicting with the view taken by me in this case. There the question arose

under the homestead law proper, and the affidavits required by law seem to forbid alienation before the homestead title is perfected.

Entertaining these views, without any further discussion of the question, I am of the opinion that the complainants are entitled to a decree. Let an order be entered accordingly.

Mem. The several cases of Chippewa Company v. Amos L. Warner, Andreas M. Rutan, Herbert W. Coffin, Charles W. Piper, and Alfred F. Webster, defendants, are controlled by this decision, and a decree in each of those cases will be entered for the complainant.