## JOHN J. MONTAGUE, APPELLANT, v. GEORGE McCARROLL, RESPONDENT.

1. PUBLIC LANDS.—SOLDIERS' ADDITIONAL HOMESTEAD.— PERSONS ENTITLED.—Under sections 2304 and 2306 of the Revised Statutes of the United States, three things must concur in order to entitle a person to claim an additional homestead right, viz: (1) He must be one of the persons enumerated in section 2304, viz: a Union soldier or officer in the late war of the Rebellion, honorably discharged. (2) He must have entered a homestead under the Homestead Laws prior to March 3, 1873. (3) Such entry must have been for less than 160 acres.

2. ID.—SOLDIERS' ADDITIONAL HOMESTEAD RIGHT.—ASSIGNABILITY.— The right given to soldiers by the Revised Statutes of the United States, section 2306, to enter an additional homestead was intended by Congress as a gratuity to the honorably discharged Union soldiers of the war of the Rebellion, Residence and nonalienation are not required. The right to enter such additional homestead is assignable before entry.

(No. 436.   Decided March 22, 1894.   36 P. R. 50.)

APPEAL from the district court of the third judicial district, Hon. C. S. Zane, *Judge.*

Action of John J. Montague against George McCarroll to quiet the title of certain real estate. From a judgment for defendant, plaintiff appeals. *Reversed.*

The opinion states the facts except the following: Adolph Haukhammer, being entitled to an additional homestead, in conjunction with his wife, made, executed and delivered a power of attorney to Joseph C. Hemingray on the 12th day of October, 1875, authorizing him to enter certain lands in Salt Lake county, Utah, under the Act of Congress of March 3, 1873, granting additional land to soldiers and sailors, of which the land in question is a part; and empowered him to grant, bargain, sell, lease, convey and confirm said land or any part thereof; to remove timber and other materials therefrom; to execute, acknowledge and deliver any deeds, leases, contracts or other instruments, sealed or unsealed, with or without covenants of warranty; and also empowered him to appoint a substitute or substitutes to perform any of said acts. And in consideration of five dollars, paid at the ensealing thereof, appointed and ordained that said attorney was thereby irrevocably vested with the powers therein granted, renouncing all right to revoke any of said powers, and released to said attorney all claim to any proceeds of any sale, lease or contract relative to said lands or timber or material thereon. Hemingray, acting under this power, entered the land in question, and a patent was afterwards, on the 3d day of November, 1876, issued by the United States to Adolph Haukhammer.

*Mr. S. H. Lewis* and *James A. Williams,* for appellant.

*Mr. Frank Pierce* (*Mr. Willey L. Brown,* of counsel), for respondent.

The power of attorney from Haukhammer and wife and the deed executed and delivered by Joseph C. Hemingray, attorney in fact to the appellant, offered in evidence, was properly excluded by the court; because (1), they were irrelevant, incompetent and immaterial; (2), the alleged power of attorney is void because it is a purported assignment of a soldier's additional homestead right before entry; (3), it is void because it attempts to accomplish indirectly what the law prohibits, to-wit: An assignment of a soldier's additional homestead right; (4), it is void because it is against public policy.

[All the authorities cited by the attorneys of each side are reviewed by the court in the opinion.—REP.]

SMITH, J.:

This case involves a single question, to wit: Can the grantee of what is known as " Soldiers' Additional Homestead Scrip " assign the same, before entry, so as to convey to his grantee the title subsequently acquired from the government ? If this question is answered in the affirmative, this case must be reversed; otherwise, the judgment must be affirmed.   The facts, in brief, are that one Adolph Haukhammer, being entitled to make an additional homestead entry under section 2306, assigned his right of entry to one Hemingray.   Plaintiff, who is appellant here, traces his title through Hemingray, while the defendant traces his title to a conveyance directly from Haukhammer made since the issue of patent.   The right to an additional homestead entry for the soldiers and officers of the late war is granted by section 2306 of the Revised Statutes of the United States.   That section is as follows:  " Every person entitled under the provisions of section 2304 to enter a homestead who may have heretofore entered under the homestead laws a quantity of land less than one hundred and sixty acres, shall be permitted to enter so much

land as, when added to the quantity previously entered shall not exceed one hundred and sixty acres." This statute, in its present form, was enacted on March 3, 1873. It will be seen from this section and section 2304 that three things must concur, in order to entitle a person to claim this right: (1) He must be one of the persons enumerated in section 2304, viz. a Union soldier or officer in the late war of the Rebellion, honorably discharged. (2) He must have entered a homestead, under the homestead laws, prior to March 3, 1873. (3) Such entry must have been for less than 160 acres.

These three things concurring, it appears that the grant is absolute; and the question here presented is, as before stated, can this right of entry be assigned before location or entry of the land under it? Our investigation of the question convinces us that authorities directly on the point are not numerous, and they seem to be somewhat in conflict. *Rose* v. *Lumber Co.*, 73 Cal. 385, 15 Pac. 19, is a case in point, and holds that the right of entry for additional homestead is assignable; and to the same effect are the cases of *Grant* v. *Oliver*, 91 Cal. 158, 27 Pac. 596, 861, and *Montgomery* v. *Land Bureau*, 94 Cal. 284, 29 Pac. 640. So that it may be stated safely that the supreme court of California has now firmly established this rule in that state. In the case of *Webster* v. *Luther* (Minn.), 52 N. W. 271, the supreme court of Minnesota, in an exhaustive opinion, hold that this right is assignable. In *Mullen* v. *Wine*, 26 Fed. 206, Mr. Justice Brewer, in passing on the precise question involved here, held that the right was assignable. In *Pourier* v. *Barnes*, 57 Fed. 956, Judge Nelson held, squarely, that the right was assignable. This decision is made by Judge Nelson in six cases, all reported together. On the negative side of this question are the following cases: *Mackintosh* v. *Renton* (Wash. T.), 3 Pac. 830, from the supreme court of Washington, is

directly in point, and holds that the right is not assignable. In *Nichols* v. *Council* (Ark.), 9 S. W. 305, the supreme court of Arkansas held that the soldiers' right of additional entry is not assignable. The weight and worth of this decision are, however, much impaired by the fact, stated in the opinion, that it did not appear to the court whether the right there assigned was the ordinary right of homestead entry, or the soldiers' additional right of entry. And it is therefore uncertain whether the declaration of the court as to the assignment of the additional homestead right is mere dictum, or was necessary to the decision of the case.

The case of *Anderson* v. *Carkins*, 135 U. S. 488, 10 Sup. Ct. 905, is relied on by respondent here. We have examined that case with care, and are of the opinion that it in no way affects the question before us. In that case the entry was one made under section 2304 of the Revised Statutes. That section requires as a part of the final proof that the entryman shall make affidavit of nonalienation, the same as in an ordinary homestead entry. It will be readily seen that, if the right of entry were assigned before entry, this affidavit could not be truthfully made. It follows, therefore, as held by the supreme court in that case, that the right of entry provided for in section 2304 is not assignable. But, as we have before stated, in the case at bar the right of entry was under section 2306 for an additional homestead, and that section does not require any affidavit of nonalienation. As will be seen from the summary of the decided cases given above, the great weight of authority, both state and federal, is in favor of the proposition that the right of additional homestead entry secured by section 2306 is assignable. We think, also, that right reason indicates that this is so. No doubt, the right to an additional homestead was intended by congress as a gratuity to the honorably discharged Union soldier of the war

of the Rebellion. It was granted to all such as had theretofore made a homestead entry for less than 160 acres of land. The requirement that the additional homestead should be contiguous to the original homestead, as at first enacted, has been stricken out. This is significant. The additional homestead may be located on any unoccupied public land subject to entry. To require residence and nonalienation, or either of them, would, in nearly every case, practically destroy the value of the grant. We are of opinion that the right to an additional homestead entry is assignable; and the court below having held otherwise, and rejected the assignment and other title papers of the appellant, we think the judgment should be reversed, and a new trial granted. We have carefully examined the writing offered in evidence as an assignment, and have no doubt that it effectually passed the right of entry to Hemingray. It is therefore ordered that the judgment be reversed and set aside, and a new trial granted.

MINER, J., concurs.