[No. 13931.   Department Two. — February 5, 1892.]

WILLIAM STEWART, RESPONDENT, *v.* JAMES SUTH-
ERLAND, APPELLANT.

TRIAL — CONTINUANCE — INSUFFICIENT SHOWING — PAPERS FROM LAND-OF-
FICE. — A ruling refusing a continuance of a trial to allow a defendant
time to procure copies of papers from the land-office, the register being
dead, and his successor not qualified, will not be reversed, where no affi-
davit in support of the motion was presented, and there was no state-
ment or showing as to what papers defendant wished to obtain copies
of, or what light, if any, they would throw upon the case, or when the
register died, or that the defendant could not have obtained the copies
before the trial commenced if he had desired to do so.

HOMESTEAD CLAIM — SOLDIER'S ADDITIONAL RIGHTS — ASSIGNMENT — SALE
AFTER ENTRY. — After an entry is made, and before the patent is issued,
for a soldier's additional homestead right, he may sell the land, and pass
a good title thereto; and such rights will be deemed assignable, where
there is nothing to show that the assignments were not made after the
entries of the homesteads in the local land-office.

ID — EVIDENCE — DEEDS — MISTAKE — DESIGNATION OF GRANTEE. — When
a plaintiff residing in Alameda County, California, introduces in evidence
deeds of soldiers' homesteads situated in that county, in which the grantor
is designated as resident of a specified county in another state, and the
grantee is mistakenly designated as "of the county of Alameda, said
state," the mistake cannot affect the grantee's rights.

ID. — PRE-EMPTION CLAIM — INVASION OF POSSESSION BY HOMESTEAD CLAIM-
ANT — CONTEST — ADJUDICATION OF LAND DEPARTMENT. — Whether
a pre-emption claimant of land had possession and a pre-emption right to
it, which could not be invaded by the entry of a homestead claim, is a
matter to be considered and determined by the land department upon a
contest of the homestead right, and the decision rendered thereupon
against the possession and right of the pre-emption claimant must be
regarded as final.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*George M. Hurlbut,* and *Manuel Eyre,* for Appellant.

*A. A. Moore,* for Respondent.

BELCHER, C. — This is an action to quiet the plaintiff's title to a quarter-section of land in Alameda County, the complaint being in the usual form. By his answer the defendant denies that the plaintiff is the owner or entitled to the possession of the land described, or any part thereof, and admits that he, defendant, claims an estate or interest therein. He then, "as new matter constituting a defense in equity" to the action, alleges that whatever right or title the plaintiff has to the land was obtained under and by mesne conveyances from J. F. Wachter and J. W. Campbell, to whom United States patents for the land — one for the north half and the other for the south half — were issued in 1888; that the said patents were for additional soldiers' homesteads, and, for reasons stated, were issued in vio-

lation of the laws of the United States, and particularly of section 2306 of the Revised Statutes, and therefore did not pass any title to the patentees. He further alleges that in 1874 he was, and ever since has been, qualified to pre-empt land under the laws of the United States, and that in that year he settled upon the said quarter-section with intent to pre-empt the same; that the township in which the quarter-section is situated was surveyed in 1878, and the plat of the survey filed in the United States land-office on the 8th of July, in that year; that on the 7th of October, 1878, while he was residing in a house built by him on the premises, he filed with the register of the proper land-office his declaration of intention to claim the said quarter-section under the pre-emption laws of the United States, and the same was numbered as one of the pre-emption claims on file, and was entered and noted upon the proper tract-book of the office; that on the 1st of October, 1884, having given due notice of his intention to do so, he appeared with his witnesses and attorney before the register and receiver of the land-office, and submitted to them competent proofs to establish his pre-emption claim to the land; but in violation of his just claim thereto, and by misinterpreting the additional homestead laws, the said officers denied his just and equitable claim of title, and awarded to him only forty acres of the quarter-section, and wrongfully awarded the balance thereof to the homestead claimants; that he duly appealed from that part of the decision which was against him to the commissioner of the general land-office, and the commissioner, in September, 1886, by the misconstruction and misinterpretation of the additional homestead laws, wrongfully, and in violation of his claim, awarded the land to the homestead claimants, and denied his better right and claim thereto; that from the decision of the commissioner he duly appealed to the Secretary of the Interior, and the Secretary, in August, 1888, by misconstruction and misinterpretation of the additional homestead laws, awarded the quarter-section to the homestead

claimants; that Wachter and Campbell never settled upon, improved, or occupied any part of the said land; never lived in the state of California; never filed any additional homestead claim in person for any part of the said quarter-section, and never personally prosecuted in any way or manner any claim to said land, but that prior to July, 1878, they sold, assigned, and transferred whatever additional homestead rights they may have had, and all the proceedings in the land-office and department of the interior to establish and locate their homesteads were conducted and prosecuted by their assignees; that the plaintiff, Stewart, had at all times, since the year 1874, full knowledge of defendant's claim to the said quarter-section, and that but for the wrongful presentation and assertion of the said homestead claims, in the names of Wachter and Campbell, defendant could and would have obtained a United States patent for the said quarter-section upon his full compliance with the pre-emption laws, which he has always been, and is, ready and willing to comply with. Wherefore he prays that it be adjudged that the plaintiff has no title, legal or equitable, in or to the said land, or any part thereof, etc.

When the case was called for trial, defendant moved for a continuance until he could obtain certified copies of papers in the United States land-office in San Francisco, stating that the register was dead and the office vacant, and that such documentary evidence was necessary to prove the allegations of his answer, and that it could not be obtained until a new register had qualified. The motion was denied.

The plaintiff then introduced in evidence a United States patent for the north half of the quarter-section in controversy, issued under the homestead laws to J. F. Wachter, and dated December 22, 1888, and a similar patent for the south half of the same quarter-section issued to J. W. Campbell. The defendant objected to both patents as incompetent, irrelevant, and immaterial evidence, and his objections were overruled.

Plaintiff next introduced in evidence powers of attorney, made by Wachter and Campbell, authorizing and empowering F. A. Hyde to sell and convey any lands obtained by them as additional homesteads, and giving the same description of the parcels to be sold as are found in the patents afterwards issued, and to take possession of the lands and to receive for his own use the proceeds of the sales. Both powers were declared to be irrevocable, and one of them also authorized the attorney, in the name of the principal, to locate and enter, in the land-office at San Francisco, his additional homestead on the land described. One power was dated August 24, 1877, and the other February 6, 1878. Defendant objected to the powers being received in evidence, upon the ground that they were incompetent, irrelevant, and immaterial, and also upon the ground that the lands claimed as additional homesteads could not be located by or under powers of attorney, and the objections were overruled.

Plaintiff next offered in evidence deeds made by Wachter and Campbell, by Hyde, their attorney in fact, conveying to William Stewart the tracts of land described in their respective patents. Defendant objected to the deeds being received, upon the grounds that they were irrelevant and immaterial, as the patents upon which they were based were invalid, and the objections were overruled.

Plaintiff then introduced some oral testimony which it is not necessary to notice, and rested his case. Thereupon defendant again moved for a continuance for ten days to enable him to procure certified copies of certain papers from the land-office in San Francisco, stating that they could not be obtained until a new register had qualified, and that they were necessary to show that the patents which had been put in evidence had been issued contrary to law, and that the action of the commissioner of the land-office and the Secretary of the Interior was contrary to law and void. The court denied the motion,

and thereupon the case was submitted without any evidence on the part of the defendant.

The court then made its findings, and entered judgment in favor of the plaintiff as prayed for. From that judgment the defendant has appealed, and has brought the case here on a bill of exceptions.

The defendant duly excepted to all the rulings above mentioned, and now assigns them as error.

1. It is urged that the court should have granted the continuance asked for, and that the refusal of the court to do so was erroneous, and prejudicial to the appellant. But no affidavit in support of the motion was presented, and there was no statement or showing as to what papers defendant wished to obtain copies of, or what light, if any, they would throw upon the case, or when the register died, or that defendant could not have obtained the copies before the trial commenced, if he had desired to do so. Under these circumstances, we see no error in the rulings.

2. It is urged that soldiers' additional homestead rights are not assignable, and that the powers of attorney offered in evidence show that Wachter and Campbell thereby assigned their rights to Hyde before the issuance of the patents, and this being so, the officers of the land department had no power to issue the patents. In support of the position that additional homestead rights are not assignable, counsel cite a very elaborate and able opinion of the Secretary of the Interior, rendered March 25, 1890, in which he so holds. It is unnecessary to consider the question whether such a right can be assigned before proper entry of the land is made, but we entertain no doubt that after the entry is made, and before the patent is issued, the soldier may sell his land and pass a good title thereto. This seems to be admitted by the Secretary, and was so held in *Knight* v. *Leary*, 54 Wis. 459, *Rose* v. *Wood and Lumber Co.*, 73 Cal. 385, and *Grant* v. *Oliver*, 91 Cal. 158. Here there is nothing to show that the assignments or sales were not made after the entries of the homesteads in the local land-office;

and as the rights of the parties, as appears from the answer, were contested before the commissioner of the general land-office and the Secretary of the Interior, we must assume that the entries were authorized and proper, and the sales valid.

3. The plaintiff testified that he had lived on land adjoining that in controversy since 1859, and it is claimed that he is not therefore the William Stewart named as grantee in the deeds from Wachter and Campbell, and hence did not connect himself with the source of title. This point is rested upon the deeds, in one of which the grantor is named as "of the county of Dunn, state of Wisconsin," and the grantee as "of the county of Alameda, said state," and in the other the grantor is named as "of the county of Green, state of Illinois," and the grantee as "of the county of Alameda, said state." We see nothing in this to aid the appellant. The plaintiff had possession of the deeds, and introduced them in evidence. The lands were in Alameda County, California, and the plaintiff resided in that county. It does not appear that there is any county of that name in either the state of Wisconsin or Illinois, and evidently there was a slight mistake in naming the grantee as of "said state." This mistake cannot, however, affect his rights.

4. Appellant further claims that he was in possession of the land and had filed his declaration of intention to pre-empt the same, and hence that no lawful entry of the homestead claims could be made upon it; citing *Atherton* v. *Fowler*, 96 U. S. 573, and *Hosmer* v. *Wallace*, 97 U. S. 575.

The cases cited only hold that pre-emption rights cannot be initiated by invasion of the possession of another. Now, whether appellant had possession of the land and a pre-emption right to it, as he alleges, was a matter which must have been considered and determined against him by the land department of the government, where he so persistently contested the homestead rights.

In our opinion, the decisions there rendered must be treated as final upon this point.

We advise, therefore, that the judgment be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is affirmed.