[No. 18286.     Department One.—December 26, 1894.]

## WILLIAM IRVINE, RESPONDENT, *v.* MRS. J. C. TARBAT, APPELLANT.

EJECTMENT—STATUTE OF LIMITATIONS—PATENT OF UNITED STATES.—Where the plaintiff, in an action of ejectment, claims under a valid patent of the United States, issued within six months prior to the commencement of the action, a plea of the statute of limitations cannot prevail.

ID.—CONCLUSIVENESS OF PATENT—AUTHORITY OF LAND-OFFICE—QUESTIONS OF FACT—TOWNSITE—PLACE OF TRADE OR BUSINESS.—A patent of the United States for land, which the land department has, under the statute, authority to convey, depending upon the existence of particular facts which it is the duty of the land department to ascertain, is conclusive of the existence of the authority, upon collateral attack, and when the patent is issued upon a pre-emption or homestead claim, it is conclusive evidence that the land in question was open to pre-emption and homestead, and that there was no townsite thereon, or settlement for trade or business, these being questions of fact which the land department has the right to determine preliminary to granting a patent for the land.

Id.—Evidence—Proceedings in Land-office.—The proceedings in the land department are not admissible, in an action of ejectment, for the purpose of assailing the patent upon which the plaintiff relies for re-covery.

Appeal from a judgment of the Superior Court of Calaveras County and from an order denying a new trial.

The facts are stated in the opinion.

*James H. Budd*, and *Paul C. Morf*, for Appellants.

The lands in question had been settled on, selected, assessed, and occupied as the site for a town for many years, and were reserved from pre-emption or homestead entry. (U. S. Rev. Stats., secs. 2258, 2387–89, 2394; *Atherton* v. *Fowler*, 96 U. S. 520; *Quinby* v. *Conlan*, 104 U. S. 420; *Jones* v. *Petaluma*, 36 Cal. 230; *Shepley* v. *Cowan*, 91 U. S. 330.) Although upon questions of fact properly before it, and on which the land department acts, its action is generally conclusive, yet the opinion of a land officer in respect to matters of law, as indicated either by the ultimate act of issuing the patent, or by recitals inserted in the instrument, is not, and cannot be, conclusive. (*McGarrahan* v. *New Idria Mining Co.*, 49 Cal. 331; *Foscalina* v. *Doyle*, 47 Cal. 437; *Quinby* v. *Conlan*, 104 U. S. 420.) If the land had been reserved from sale, or previously disposed of, it would be land for which a patent could not issue to any except the person for whom it had been reserved, or to whom it had been disposed, and a subsequent patent to another person claiming through other proceedings would be absolutely void, and might be attacked collaterally at any time and anywhere. (*Carr* v. *Quigley*, 57 Cal. 394; *McLaughlin* v. *Heid*, 63 Cal. 208; *Southern Pac. R. R. Co.* v. *Garcia*, 64 Cal. 515; *United Land Assn.* v. *Knight*, 85 Cal. 461; *Terry* v. *Megerle*, 24 Cal. 610; 85 Am. Dec. 84; *Megerle* v. *Ashe*, 27 Cal. 328; 87 Am. Dec. 76; *Doolan* v. *Carr*, 125 U. S. 619; *St. Louis Smelting Co.* v. *Kemp*, 104 U. S. 641; *Wright* v. *Roseberry*, 121 U. S. 519;

*Polk* v. *Wendel,* 9 Cranch, 87; *Wilcox* v. *Jackson,* 13 Pet. 498; *Newhall* v. *Sanger,* 92 U. S. 761; *Eason* v. *Salisbury,* 21 How. 426; *Sherman* v. *Brick,* 93 U. S. 209.)

*Reddick & Solinsky,* for Respondent.

The matters and facts now sought to be litigated by defendant as to the existence of a townsite have all been passed on by the officers of the land department of the United States, and cannot be passed on in this suit. The determination of the land department is final and conclusive. (*St. Louis Smelting Co.* v. *Kemp,* 104 U. S. 636; *Steel* v. *Smelting Co.,* 106 U. S. 447; *Heath* v. *Wallace,* 138 U. S. 573; *Quinby* v. *Conlan,* 104 U. S. 420; *Gale* v. *Best,* 78 Cal. 235; 12 Am. St. Rep. 44; *United States* v. *Minor,* 114 U. S. 233; *Shanklin* v. *McNamara,* 87 Cal. 378; *Baldwin* v. *Stark,* 107 U. S. 463; *Jeffords* v. *Hine* (Ariz., July 9, 1886), 11 Pac. Rep. 351. See, also, *Plummer* v. *Brown,* 70 Cal. 544; *Heath* v. *Wallace,* 71 Cal. 61; *Burling* v. *Thompkins,* 77 Cal. 260; *Churchill* v. *Anderson,* 56 Cal. 60; *Dilla* v. *Bohall,* 53 Cal. 709; *Powers* v. *Leith,* 53 Cal. 712; *Moore* v. *Wilkinson,* 13 Cal. 478; *Gibson* v. *Chouteau,* 13 Wall. 92; *Shepley* v. *Cowan,* 91 U. S. 330; *Vance* v. *Burbank,* 101 U. S. 514; *Porter* v. *Bishop,* 25 Fla. 749; *Knight* v. *United States Land Assn.,* 142 U. S. 161; *Baldwin* v. *Stark,* 107 U. S. 463; *Aurora Hill Con. Mining Co.* v. *85 Mining Co.,* 34 Fed. Rep. 515; *Grant* v. *Oliver,* 91 Cal. 158.) But the cases go further, and hold that where the questions passed on by the land department are mixed questions of law and fact, that even then the decision and findings cannot be assailed in a collateral action. (*Marquez* v. *Frisbie,* 101 U. S. 473; *Green* v. *Hayes,* 70 Cal. 281; *Porter* v. *Bishop,* 25 Fla. 749; *Quinby* v. *Conlan,* 104 U. S. 420.) The determination of whether a town existed on the lands in controversy in this action, or whether a townsite had been selected thereon, or whether the lands were occupied for purposes of trade or business, were strictly questions of fact. (*Ferry* v. *Street,* 4 Utah, 521; *Doll* v. *Meador,* 16 Cal. 295.) The decisions of the land depart-

ment, even on questions of law, cannot be assailed, except in an equitable action, by a party in privity with the paramount title. (*Smelting Co.* v. *Kemp*, 104 U. S. 636; *Ehrhardt* v. *Hogaboom*, 115 U. S. 67; *Sparks* v. *Pierce*, 115 U. S. 408; *Buckley* v. *Howe*, 86 Cal. 601; *Plummer* v. *Brown*, 70 Cal. 544; *Gale* v. *Best*, 78 Cal. 235; 12 Am. St. Rep. 44.) No equitable defense or prayer for equitable relief was set up in the answer. Defendant was not in privity with the United States government. (*Sparks* v. *Pierce*, 115 U. S. 408; *Doll* v. *Meador*, 16 Cal. 295; *Plummer* v. *Brown*, 70 Cal. 544; *Churchill* v. *Anderson*, 56 Cal. 60; *Gale* v. *Best*, 78 Cal. 235; 12 Am. St. Rep. 44; *Thompson* v. *Doaksum*, 68 Cal. 593; *Burling* v. *Thompkins*, 77 Cal. 257; *Kentfield* v. *Hayes*, 57 Cal. 409; *Schieffery* v. *Tapia*, 68 Cal. 186; *Chapman* v. *Quinn*, 56 Cal. 266; *Rosecrans* v. *Douglass*, 52 Cal. 213; *Foss* v. *Hinkell*, 78 Cal. 158; *Burrell* v. *Haw*, 40 Cal. 373; *Moore* v. *Wilkinson*, 13 Cal. 487.)

SEARLS, C.—This is what would formerly have been termed an action of ejectment to recover a small tract of land, parcel of one hundred and forty-three and twenty-three one-hundredths acres patented to the plaintiff October 13, 1890, by the government of the United States, situate at or near Carson Hill, county of Calaveras, state of California.

The defense set up was that the *locus in quo* was and is a part of the townsite of Carson Hill, and as such was not subject to patent by plaintiff.

The statute of limitations was also pleaded in bar of the action, but as such action was instituted April 13, 1891, within six months next after the issuance of patent, the plea cannot prevail, if plaintiff's patent was valid to convey title.

Plaintiff had judgment, from which and from an order denying her motion for a new trial defendant appeals.

Plaintiff introduced his patent to the land, proved that the land in dispute was included therein, and rested.

Defendant, among other testimony introduced for the purpose of proving a townsite, offered in evidence, and, against the objection of plaintiff was permitted to introduce, the proceedings had in the United States land-office, from which it appeared that in September, 1879, plaintiff Irvine settled upon the land which had been surveyed in 1871.

On May 22, 1883, he made homestead entry of said land, and in December, 1885, he made final proof.

Against the allowance of the final entry, sundry parties, among whom was appellant, protested upon various grounds, among which were " that the townsite of Carson is situate on portions of the lands last aforesaid."

Thereupon and thereafter such proceedings were had in the case that, upon an appeal from the local land-office to the commissioner of the general land-office, it was held, among other things, " that the claim of a townsite is not supported by the facts in the case," and reversing the finding of the local land-officer that " Carson was a valid and legal townsite," which decision was, on an appeal, affirmed by the secretary of the interior department.

Respondent was thereupon permitted to make final proofs, and the patent in evidence issued to him.   There was no showing that Carson was ever an incorporated town or village.

It was admitted at the trial by counsel for the respective parties that at the time of plaintiff's application and during the contest " testimony was taken by the land department as to the existence of a town or townsite settlement, or a place of trade or business upon the land embraced within the boundaries of the patent.

"It is further stipulated that the land department passed upon these questions prior to the issuance of a patent to plaintiff."

Appellant contends that the townsite of eleven acres was reserved from pre-emption or homestead entry, and cites various sections of the Revised Statutes of the United States in support of this theory.

CV. CAL.—16

Section 2257 provides that "all lands belonging to the United States, to which the Indian title has been or may hereafter be extinguished, shall be subject to the right of pre-emption, under the conditions, restrictions, and stipulations provided by law."

Section 2258 provides that "the following classes of lands, unless otherwise specially provided for by law, shall not be subject to the rights of pre-emption, to wit: 1. Lands included in any reservation by any treaty, law, or proclamation of the President, for any purpose; 2. Lands included within the limits of any incorporated town, or selected as the site of any city or town; 3. Lands actually settled and occupied for purposes of trade and business, and not for agriculture; 4. Lands on which are situated any known salines or mines."

Section 2382 provides that persons who have founded or may hereafter found a city or town upon the public lands may file with the recorder of the county a plat thereof, etc., giving name of the city or town, showing streets, squares, etc., to be verified under oath, and in one month a verified transcript must be forwarded to the general land-office, etc.

The subsequent sections of the same chapter provide the modes by which the authorities of incorporated towns, and the county judge in cases of unincorporated towns, may enter and purchase from the government, for the use of the inhabitants, the lands included within the townsites.

The question whether or not the public lands are subject to pre-emption or homestead depends upon the existence or nonexistence of certain facts, among which are, Is it more valuable for mining or agricultural purposes? Does it include any incorporated town, or has it been selected as a townsite? Is it actually settled upon and occupied for purposes of trade and business, or does it include any known salines or mines?

These are all questions of fact to be determined by the land department preliminary to granting a patent to such lands, and, as was said in *St. Louis Smelting Co.*

v. *Kemp*, 104 U. S. 645: "When the authority depends
upon the existence of particular facts, or upon the per-
formance of certain antecedent acts, and it is the duty
of the land department to ascertain whether the facts
exist or the acts have been performed, its determination
is as conclusive of the existence of the authority against
any collateral attack as is its determination upon any
other matter properly submitted to its decision."

To discuss this case at length would involve the re-
statement of a doctrine which has been enunciated so
frequently by this court, and by the supreme court of
the United States, that it has come to be regarded as
elementary.

The rule alluded to is this: "A patent duly signed,
countersigned, and sealed for public lands which, at the
time it was issued, the land department had, under the
statute, authority to convey, cannot be collaterally im-
peached in an action at law; and the finding of the de-
partment touching the existence of certain facts, or the
performance of certain antecedent acts, upon which the
lawful exercise of that authority may in a particular
case depend, cannot, in a court of law, be questioned."

The above is quoted, for the sake of brevity, from the
*syllabus* in *St. Louis Smelting Co.* v. *Kemp*, 104 U. S.
636, as fairly exemplifying the conclusion reached in
that case and many others. (*Green* v. *Hayes*, 70 Cal.
276; *Quinby* v. *Conlan*, 104 U. S. 420; *Doll* v. *Meador*,
16 Cal. 295; *Sparks* v. *Pierce*, 115 U. S. 408; *Stewart* v.
*Sutherland*, 93 Cal. 270; *Gale* v. *Best*, 78 Cal. 235; 12
·Am. St. Rep. 44.)

It follows from all the cases, of which the foregoing
are but a fraction, that plaintiff's patent, which is not
shown to contain any reservations, was conclusive evi-
dence that the land in question was open to pre-emption
and homestead, and that there was no townsite thereon
or settlement for the purpose of trade and business.

The evidence offered by the defendant to reopen the
question as to the character of the land in this action
at law was not admissible.

Its introduction, however, only tended to substantiate the presumption of the patent by showing that the land department did, in fact, pass upon and decide adversely to the appellant the very questions sought to be again litigated here.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

VAN FLEET, J., GAROUTTE, J., HARRISON. J.