THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MAGDALENO TRAVIESO, Defendant and Appellant.

No. 9347. Argued May 26, 1942.—Decided June 9, 1942.

J. *Nevares Santiago* for appellant.   *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The following facts appear from the transcript of record herein:

On September 25, 1939, the district attorney filed an information against the appellant, charging him with the crime of an attempt to kill. The arraignment of the accused having been set for October 9 of the same year, he appeared assisted by his attorney, pleaded "not guilty", and asked for a jury trial.

On January 14, 1942, the accused filed a motion to dismiss the prosecution on the ground that the court did not acquire jurisdiction of the person of the accused, as the latter had not been assisted by counsel from the time of his arrest and the commencement of the preliminary examination by the committing magistrate.

As the jurisdictional question raised was considered to be exceptionally important, the District Court of Humacao constituted itself in bank and overruled the exception of lack of jurisdiction and proceeded to hold the trial. On being convicted of aggravated assault and battery the accused was sentenced to three months in jail. Feeling aggrieved by that judgment, he brought the present appeal which he based on the sole ground that during "the initial stage of the prosecution" that is "during the preliminary examination" the accused was deprived of his right to be assisted by counsel, without his having waived such right. In support of his contention he cites the case of *People v. Rivera,* 9 P.R.R. 363, in which it was held that a criminal prosecution against an

accused begins at the time of his arrest and imprisonment or of his release on bail. See *People* v. *Capestany*, 37 P. R.R. 547.

■ The appellant has failed to place us in a position to enable us to determine when the prosecution against him was commenced. The date of the arrest of the accused does not appear from the record. What appears is that the latter, on being arrested, gave bail for his release, and that he appeared for his arraignment assisted by counsel. There is nothing to show either that a preliminary examination was held, during which the accused, as claimed, was deprived of his right to be assisted by counsel. Such deficiencies are sufficient in themselves for a dismissal by us of the appeal. *People* v. *Otero, per curiam* decision of April 17, 1935; *People* v. *Lafont,* 54 P.R.R. 251; *People* v. *Mediavilla,* 54 P.R.R. 538; *People* v. *Corsino,* 54 P.R.R. 46.

■■ The appellant relies for his alleged right of being assisted by counsel from the time of his arrest and during the preliminary examination on the interpretation which, according to him, should be given to the decision of the Federal Supreme Court in *Johnson* v. *Zerbst,* 304 U. S. 458, and the decisions of this court in *Ex parte Hernández,* 54 P.R.R. 396; *Ex parte Resto,* 55 P.R.R. 700 and *Rodríguez* v. *District Court,* 59 P.R.R. 650. We will not make a detailed examination of the cases cited. Suffice it to say that it is therein held that every accused has the constitutional right to be assisted by counsel to defend him, that such right may be waived, but the waiver must be so made as to show that the accused was aware of his right and waived the same competently and intelligently; that it is the duty of the court before which the case is to be tried, to warn the accused of his right to be assisted by counsel, and further, in the case of an accused lacking the means to pay for the services of counsel, to appoint an attorney to assist him at the time of being arraigned and to defend him during the

trial; and, lastly, that where the trial court has held a trial and convicted the accused, without strictly complying with the constitutional requirements, the judgment rendered is void for want of jurisdiction.

Our decision in *Ex parte Resto, supra,* has not the scope claimed by the appellant. The petition for *habeas corpus* filed by Resto was based on the ground that "at no moment from his arrest until after his imprisonment, did the petitioner have the aid of counsel, and the court at no time offered him or appointed for petitioner a defender, nor did it advise him as to his right to be represented by counsel." The decision of this court was based on the fact that it did not appear from the minute book of the trial court "that at any moment during the arraignment and sentencing of the defendant was he represented by counsel."

The rule set forth in our decision in *Ex parte Resto, supra,* based on the holding in *Powell* v. *Alabama,* 287 U. S. 45, 77 L. ed. 158, is that where an accused is summoned to be arraigned, before proceeding to do so it is the duty of the court to advise the defendant of his right to be represented by counsel and to ask him whether he is so represented, whether he can procure an attorney to defend him, or whether he desires the court to appoint counsel for him. So long as this requisite has not been complied with, the court is not duly constituted and is therefore without jurisdiction to require the defendant to answer or to demur, unless it appears from the record of the case that the accused willingly and intelligently waived his right to be represented by counsel. The question as to an accused being entitled to be represented by counsel during the time between his arrest and the arraignment was neither considered nor determined in *Ex parte Resto, supra,* nor in any other decision of this court and is, therefore, new in this jurisdiction.

In support of his contention the appellant cites §858 of the Penal Code of California, the decision of the California

Supreme Court in *People* v. *Napthaly,* 105 Cal. 141, and §11 of our Code of Civil Procedure.

Section 858 of the Penal Code of California provides that when a defendant is brought before a magistrate upon an arrest, on a charge of having committed a public offense, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel. Section 859 of the same code provides that the magistrate must allow the defendant a reasonable time to get counsel, and postpone the examination for that purpose.

Under §8 of Article I of the California Constitution, public offenses are prosecuted and punished upon information filed by the district attorney after examination and commitment by a magistrate.

In *People* v. *Napthaly, supra,* an information was filed against Napthaly charging him with the offense of having aided a prisoner to escape from the penitentiary. After being arraigned *but before entering any plea,* the defendant moved for the dismissal of the information on the following grounds: (*a*) that from the record of the magistrate it appeared that at the preliminary examination held before said magistrate, the defendant had not been assisted by counsel (*b*) that the magistrate had refused to continue the examination for the purpose of enabling the defendant to employ counsel; and (*c*) that the magistrate failed to inform said defendant of his right to be assisted by counsel. Upon denial of the motion, an appeal was taken to the Supreme Court which reversed the judgment, saying:

"It will be observed that, under this provision of our constitution, an offense can be prosecuted by information only after examination and commitment by a magistrate.

" . . . . The necessity of such examination and commitment was recognized and upheld in *People* v. *Wilson,* 93 Cal. 377, and in *Ex parte Baker,* 88 Cal. 84.

"An examination which denied to defendant the right guaranteed him alike by the constitution and statute, of being defended by counsel, was in no sense a legal examination.

"It was a plain and palpable violation of a fundamental right of the defendant which rendered the commitment illegal."

Neither the Organic Act of Puerto Rico nor our Code of Criminal Procedure contains any provision requiring for the validity of an information that the latter should be filed by the district attorney after a preliminary examination and upon the issuance of an order of arrest by a committing magistrate.

The decisions examined by us hold that by failing to file a motion to dismiss the prosecution, before or at the time of the arraignment, on the ground that he has not been granted a preliminary examination, the defendant waives that objection. *Ex parte McConnell*, 83 Cal. 558; *People* v. *Rousee*, 26 Cal. App. 100, 146 P. 65; *People* v. *Ramey*, 27 P. (2d) 941; *People* v. *Walsh*, 243 P. 31, 32; *People* v. *Salas*, 250 P. 526; and *State* v. *Norman*, 52 P. 986.

The defendant also waived the objection of the failure to hold a preliminary examination where, on being arrested, he gives bail for his appearance before the district court to be arraigned by the district attorney. *Nowak* v. *Waller*, 56 Hun (N. Y.) 647, 10 N. Y. Supp. 199, affirmed in 132 N. Y. 590, 30 N. E. 878.

For the reasons stated the judgment appealed from is affirmed.