Filed 2/6/25  Sylvia v. Toth CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DUCHESS SYLVIA, | |
| Plaintiff and Appellant, | E081647 |
| v. | (Super.Ct.No. CVRI2205357) |
| SYLVIA TOTH, et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Affirmed.

Duchess Sylvia, in pro. per., for Plaintiff and Appellant.

Higgs Fletcher & Mack, John Morris and Steven M. Brunolli for Defendant and Respondent.

1

The trial court granted a motion sanctioning plaintiff and appellant Duchess Sylvia (Duchess)[1] $3,495 and dismissing her case with prejudice. (Code Civ. Proc., § 128.7, subds. (b)(2), (b)(3) & (c).) Duchess contends the trial court erred by granting sanctions and denying her request for a continuance. We affirm.

## FACTS

A house was built on Renwick Drive, in Corona, in 2005 (the House). Defendant and respondent Sylvia Toth (Toth) purchased the House in March 2006. Toth is the original owner of the House. Toth rented the House to Mr. Monfils, who has resided in the House since Toth purchased it. In December 2022 Toth listed the House for sale.

On December 13, 2022, Duchess sued Toth and defendant and respondent Graff Real Estate, Inc. (Graff) to quiet title to the House. Duchess did not serve Toth and Graff with the complaint. When conducting a title search on the House, for the purpose of selling the House, Toth discovered Duchess's complaint. Toth had never met Duchess, never knew of Duchess until discovering the complaint, and never granted Duchess an ownership interest in the House.

One of Toth's attorneys (Attorney) "ran a title and lien report" on the House. The report confirmed that Toth was the original, and only, owner of the House. On February 6 and 8, 2023, Attorney telephoned Duchess and left voicemail messages explaining who he was and asking to discuss her complaint. On February 10, 2023,

---

[1] There are two parties who have "Sylvia" as part of their names. To avoid any confusion, we use Duchess Sylvia's first name. No disrespect is intended.

Attorney emailed Duchess requesting evidence in support of her complaint. On February 16, 2023, Duchess emailed Attorney accusing him of threatening her.

On April 11, 2023, Toth moved for sanctions in the form of (1) dismissal of Duchess's complaint with prejudice; (2) costs and attorney's fees in the amount of $15,000; and (3) the removal of all clouds on title. The motion was "made on the grounds that [Duchess's] Complaint is frivolous and lacking in evidentiary support as [Duchess] has no—and never had an—ownership interest in the [House]."

Duchess did not file an opposition. However, she requested a continuance of the hearing on Toth's motion for sanctions. Duchess asserted that "documents of financial and transaction files," which were relevant to the case, were being held "by agencies." Duchess planned to "request[] the help of [the] FBI and other agencies." Duchess contended her car was "vandalized by one of their syndicates . . . . Files, documents, [and] records[] [were] also taken out of [Duchess's] homes by their connected internal syndicate groups using identity theft, identity take overs, ID trafficking and numerous sources even declared [Duchess] 'NOT Alive' as they were counting on 'take overs' across the USA and internationally." On April 25, 2023, the trial court continued the hearing on Toth's motion for sanctions to May 18, 2023.

Duchess still did not file an opposition to the motion. However, she requested another continuance. Duchess asserted, "Due to ongoing harassments, threats, stalking and series of injuries and reinjuries since childhood made officials, agents to protect me putting my properties and assets under aliases or some of my adopting parents' last name. Due to confidentiality, I cannot make anything [public] because I genuinely

3

believe that the other party is looking for information what else they can find out or steal illegitimately." Duchess requested the trial court "seal [her] files away from this syndicate group."

Duchess further asserted that she was lacking evidence because "during assignments another ten boxes has been taken by MPD and several agencies in DC." Duchess asserted she "was surrounded by a hundred agency cars in [her] favorite park in the middle of Washington DC." Duchess contended, "These documents have been requested to be returned and [are] imperative for this case and evidence." The trial court denied the request for a continuance.

The trial court issued a tentative ruling granting Toth monetary sanctions of $3,495 for attorney's fees and costs. No one requested oral argument. Nevertheless, Duchess and Toth attended the hearing. The trial court remarked that Duchess had not provided "any evidence to oppose the motion." The trial court awarded Toth $3,495 in monetary sanctions, dismissed Duchess's complaint with prejudice, and expunged any clouds on the House's title.

**DISCUSSION**

A.      SANCTIONS

Duchess contends the trial court erred by granting Toth's motion for sanctions. Duchess asserts she "submitted supporting files, police statements, summon[s] and complaint delivery requests via publications, title papers, DMV records and requests to subpoena FBI agents and even brought a witness with [her] to one of the hearings to testify (which at that time was not on the schedule however [the witness] offered to

4

come testify any time the court allows it) to support [and] even further [Duchess's] claim."

A plaintiff may be sanctioned for filing a frivolous complaint. (Code Civ. Proc., § 128.7, subds. (b)(2), (b)(3) & (c).) "To avoid sanctions under section 128.7, 'the issue is not merely whether the party would prevail on the underlying factual or legal argument,' but rather whether any reasonable attorney would agree that the claim is totally and completely without merit. [Citation.] Hence, the evidentiary burden to escape sanctions under section 128.7 is light. [The plaintiff] must make a sufficient evidentiary showing to demonstrate that [s]he made a reasonable inquiry into the facts and entertained a good faith belief in the merits of the claim. [The Plaintiff] need not amass even enough evidence to create a triable issue of fact as would be required if [the defendant] had brought a motion for summary judgment, or alleged a valid cause of action, as required to overcome a demurrer." (*Kumar v. Ramsey* (2021) 71 Cal.App.5th 1110, 1126.)

Duchess has not provided any record citations to support her assertion that she filed documents to establish the merit of her complaint. (Cal. Rules of Court, rule 8.204(a)(1)(C) [an appellant must provide record citations in their briefs].) As noted *ante*, Duchess never filed an opposition to the motion. We have reviewed the record, and we do not see a declaration or any other evidence explaining how Duchess allegedly came to have an ownership interest in the House. The only evidence that we see from Duchess regarding the House is a marketing text message asking if she is interested in selling the House. A marketing text message does not establish why Duchess believes

5

she may own the House. The documents in the record pertaining to ownership of the House, such as the title report, reflect that Toth has been the sole owner of the House from the time the House was built.

Because there is no evidence indicating Duchess may own the House, one cannot find Duchess entertained a good faith belief in the merits of her quiet title claim. Any reasonable attorney looking at the case would conclude her claim is totally and completely without merit. The trial court correctly found Duchess's complaint was frivolous and did not err in imposing sanctions.

## B.   CONTINUANCE

Duchess asserts, "The court committed reversible errors when I have been upfront letting the judge know that documents, files, backup files and entire homes has been emptied out by the connected syndicate groups and I have to recollect additional information and need time for this and I am rushing this process as much as possible." We interpret the foregoing quote as asserting the trial court erred in denying Duchess's request for a continuance.

To be granted a continuance, a party must make a showing of good cause. (*County of San Bernardino v. Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 781.) Good cause is demonstrated when a party is unable "to obtain essential testimony, documents, or other material evidence despite diligent efforts." (Cal. Rules of Court, rule 3.1332(c)(6).) We apply the abuse of discretion standard of review. (*Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790, 814.)

6

*Stewart v. Sutherland* (1892) 93 Cal. 270, 271, was an action to quiet title, in which the defendant denied that the plaintiff had an ownership interest in the land. "When the case was called for trial, defendant moved for a continuance until he could obtain certified copies of papers in the United States land-office in San Francisco, stating that the register was dead and the office vacant, and that such documentary evidence was necessary to prove the allegations of his answer, and that it could not be obtained until a new register had qualified. The motion was denied." (*Id.* at p. 273.)

"[T]he case was submitted without any evidence on the part of the defendant. [¶] The court then made its findings, and entered judgment in favor of the plaintiff as prayed for." (*Stewart v. Sutherland*, *supra*, 93 Cal. at p. 275.) The defendant appealed. (*Ibid.*) Our high court affirmed with the following reasoning: "It is urged that the court should have granted the continuance asked for, and that the refusal of the court to do so was erroneous, and prejudicial to the appellant. But no affidavit in support of the motion was presented, and there was no statement or showing as to what papers defendant wished to obtain copies of, or what light, if any, they would throw upon the case, or when the register died, o[r] that defendant could not have obtained the copies before the trial commenced, if he had desired to do so. Under these circumstances, we see no error in the rulings." (*Id.* at p. 275, 277.)

In Duchess's request for a continuance, she did not explain why she believed she owned the House and what documents she needed to obtain in order to prove her ownership. For example, Duchess did not assert that she purchased the House in 2007 and was searching for a copy of the deed. Rather, Duchess claimed she needed the

7

continuance due to a "series of records still waiting to be returned by federal agencies that is imperative for this and other cases." Because Duchess did not explain why she believed she owned the House and what documents she needed, there was no showing that the evidence was essential, which means good cause was not demonstrated. (Cal. Rules of Court, rule 3.1332(c)(6).) The trial court did not err.

### C. LIST OF ERRORS

Duchess's appellant's opening brief sets forth a list of alleged errors made by the trial court. An example from the list of alleged errors is: "The court committed reversible errors letting [two of Toth's attorneys] defamatory statement is a malice." (*Sic*.) Duchess does not provide record citations, legal citations, or reasoned legal argument to support her list of alleged errors. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (a)(1)(C); *Schrage v. Schrage* (2021) 69 Cal.App.5th 126, 148, fn. 11.) As a result, we conclude Duchess forfeited these issues. (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179-181.)

**DISPOSITION**

The trial court's order dated May 18, 2023, is affirmed. Respondents Sylvia Toth and Graff Real Estate, Inc. are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

8

We concur:

RAMIREZ
                                   P. J.

RAPHAEL
                                   J.