## MATHIAS H. PAULSRUD v. CHARLES H. PETERSON.[1]

June 25, October 22, 1909.

Nos. 16,099—(148).[2]

**Deed — Fraud.**

Action to rescind a contract for the exchange of a stock of goods for land with a title free from incumbrances, and to recover the purchase money paid, upon the ground of fraudulent representations by the seller relative to the title. The owner of the land stated he had made application for a mortgage loan, but failed to inform plaintiff he had executed a mortgage upon the land. *Held:* The court erred in dismissing the action at the close of the testimony. [Reporter]

Action in the district court for Hennepin county to rescind a contract to exchange a stock of goods for a conveyance of land in North Dakota clear of all incumbrance because of fraud upon reconveyance of the land by plaintiff to defendant, and for $2,500, the value of the stock parted with and damage sustained. The answer alleged the facts relating to the $800 mortgage which are mentioned in the second paragraph of the opinion, and set up a counterclaim for $350. The case was tried before Simpson, J., who at the close of the evidence granted defendant's motion to dismiss the case on the ground that plaintiff had not proved a cause of action, the counterclaim having been withdrawn. From an order denying plaintiff's motion for a new trial, he appealed. Reversed and new trial granted.

*Mead & Robertson,* for appellant.

*Larrabee & Davies,* for respondent.

PER CURIAM.

In this action the plaintiff sought to have a deed rescinded, and to recover back the purchase money paid, upon the ground of fraudulent representations made by the seller to the buyer relative to the condition of the title to the land. At the close of the plaintiff's evidence the court dismissed the case, on the ground that the plaintiff had failed to show any fraud on the part of the defendant; and the plaintiff appealed to this court from an order denying his motion for a new trial.

It appears that the appellant was the owner of a certain stock of goods and fixtures, and that the respondent was the owner of a certain quarter section of land in Kidder county, North Dakota. The appellant asked a party by the name of Lee to find a purchaser for the goods. Lee took the respondent to the appellant's store, and a contract was entered into by which the store and fixtures and the

[1] Reported in 121 N. W. 898, 122 N. W. 874.
[2] April, 1909, term calendar.

sum of $400 was to be given to the respondent for the land. The respondent represented that the land was free from incumbrance, but at the time informed appellant that he had executed a mortgage thereon for $800 and delivered it to one Lund to be negotiated, but that he would get the mortgage back. He subsequently learned that the mortgage had already been negotiated and the money appropriated by Lund to his own use. The respondent himself immediately informed the appellant of the fact, and offered to pay off the mortgage, and thus make the land free from incumbrance in accordance with his representation and warranty. The appellant refused to accept this, and demanded a rescission of the contract and the return to him of the value of the stock of goods and fixtures and the money which had been paid on account.

The action was brought to obtain a rescission on the theory of fraud. The court properly held that the plaintiff had failed to show fraud and dismissed the action. His remedy, if any, was for a breach of the warranty. There is nothing whatever in this record which tends to show that the respondent was guilty of any fraud.

Order affirmed.

On October 22, 1909, the following opinion was filed:

PER CURIAM.

This case was affirmed on a former appeal on the ground that the evidence was insufficient to sustain the plaintiff's allegations of fraud. Upon reargument, our attention has been called to certain parts of the record, which were evidently overlooked upon the first hearing, and we have accordingly reconsidered the case.

In the former opinion it was stated that respondent represented the land to be free from incumbrance, and at the same time informed appellant that he (respondent) had executed a mortgage of $800 thereon and delivered it to one Lund for negotiation. It was also stated that after the trade was made respondent discovered the mortgage had been negotiated by Lund, so informed appellant, and offered to pay off the mortgage.

The only testimony received at the trial was that of appellant and his son, and was to the effect that respondent represented the land was free from incumbrance; that he had made application for a loan thereon, and had forwarded the abstract to Eau Claire, Wisconsin; and that he would recall the abstract and turn it over to appellant. Not long after the deal was consummated, appellant wrote the register of deeds of the proper county in North Dakota, where the land was situated, and ascertained that there was of record a mortgage of $800, executed to Lund and assigned to a third party. Appellant then informed respondent of these facts, who offered to pay off the mortgage. Both appellant and respondent were residents of Minneapolis, where the deal was negotiated, had no personal knowledge of the land, and dealt with each other upon the theory that it was free from incumbrance. All that respondent stated to appellant with refer-

ence to a mortgage was that he had made application for a loan and had forwarded the abstract to Eau Claire; "that he would stop the mortgage" and guarantee the land clear from incumbrance. He said nothing about having executed a mortgage, and this language does not warrant the conclusion that a mortgage had been executed. There is a material difference between the fact and the statement made, and it is only reasonable to assume that, had appellant known that a mortgage had been executed and placed for negotiation, he would have declined to complete the trade.

For these reasons the court is of opinion that appellant made out a prima facie case of fraud, that the subsequent promise of respondent to pay off the mortgage was immaterial, and did not change the relation of the parties as fixed at the time of the completion of the contract.

Order reversed and new trial granted.