JOSEPH I. MEYERS v. DANIEL W. EAMES and Another.[1]

July 8, 1910.

Nos. 16,620—(141).

**Findings and conclusions sustained.**

> Action to rescind an executory contract for the purchase of the defend-
> ants' farm, and to recover the purchase price paid. Findings of fact in
> favor of the defendants, and as a conclusion of law, judgment was ordered
> for them. *Held*, that the findings are sustained by the evidence, that they
> sustain the conclusion of law, and that there were no reversible errors in
> the rulings of the court as to the admission or rejection of evidence.

Action in the district court for Big Stone county to rescind a
contract for the purchase of land on account of alleged fraudulent
representations. The facts are stated in the opinion. The case
was tried before Flaherty, J., who found in favor of defendants.
From an order denying plaintiff's motion for a new trial, he appealed.
Affirmed.

*T. J. McElligott,* for appellant.

*F. W. Murphy* and *A. B. Kaercher,* for respondents.

START, C. J.

Appeal by the plaintiff from an order of the district court of the
county of Big Stone denying his motion for a new trial in an action
to rescind a contract for the conveyance by the defendants of their
farm to him, and to recover the purchase price paid. Plaintiff
assigns thirty-seven alleged errors; twenty-four relate to the rulings
of the court as to the admission or rejection of evidence, and the
balance thereof are to the effect that the several findings of fact com-
plained of are not sustained by the evidence, and that the conclusion
of law, directing judgment for the defendants on the ground that
the plaintiff was not entitled to any relief, is not sustained by the
findings.

[1] Reported in 126 N. W. 1102.

If the facts found are sustained by the evidence, it is clear that the conclusion of law is correct; hence the assignments of error present two general questions: (a) Are the findings of fact sustained by the evidence? (b) Did the trial judge err in his rulings on the trial?

1. The complaint alleged, in effect, that the parties thereto on September 7, 1908, entered into a contract whereby the defendants in consideration of $9,600 agreed to convey the farm in question to the plaintiff by warranty deed, upon payment of $4,000 of the purchase price in instalments, the last to be paid on or before March 10, 1909, and the giving of a mortgage to secure the balance of the purchase price; that, as an inducement for the making of the contract by the plaintiff, the defendant Daniel W. Eames, hereafter referred to as the defendant, represented to the plaintiff that the farm was free from alkali, was within three miles of a creamery and a schoolhouse which could be moved to within a mile; and that he had fully disclosed to the plaintiff all facts and conditions which in any manner affected the land or its value; that relying upon such representations and believing them to be true, and induced thereby, the plaintiff executed the contract for the purchase of the farm; that such representations were untrue and were fraudulently made by the defendant; that the farm was not free from alkali, was not nearer than nine miles to a creamery; and that the farm was burdened by the servitude of a public ditch and an assessment therefor which the defendant then knew, but did not disclose to the plaintiff who was then ignorant thereof; that he went into possession of the farm October 1, 1908, under the contract, and paid $2,200 of the purchase price before he learned the falsity of the representation; that when he did so learn he offered to rescind the contract and surrender possession of the farm upon repayment to him of the amount he had paid; and, further, that if the farm had been as represented, it would have been worth $9,600, but in fact it was and is worth no more than $5,600.

The answer admitted the execution of the contract, and put in issue the allegations of the complaint as to defendant's alleged false and fraudulent representations.

The trial court found that there was not any appreciable, injurious amount of alkali on the farm, and the allegations of the complaint as to the matter of alkali are not true; that the allegations thereof as to the creamery are untrue; that there was a schoolhouse within two miles of the farm; that at the time the contract was executed there was a county ditch across the farm which the plaintiff inspected and then had full information as to the ditch, which is a benefit to the farm; that there were assessments against the farm for the ditch, which the defendant paid prior to the trial of this case, and there are no existing liens or charges against the farm by reason of the construction of the ditch; and, further, that the farm was at the time the contract was executed of the actual value of $10,800.

The plaintiff contends that these several findings of fact are not sustained by the evidence. An examination of the evidence as disclosed by the record satisfies us that it is sufficient to sustain all of the findings of fact which are essential to support the order for judgment for the defendants.

The fact that at the time the contract was executed there was a county ditch across the farm and a lien thereon for the construction of the ditch did not give the plaintiff a right to rescind the contract, for there were no representations as to existing incumbrances made prior to the execution of the contract, nor in it. The plaintiff was entitled by the terms of the contract to a conveyance of a perfect title to the farm by warranty deed upon his paying $4,000 of the purchase price, and not before. The ditch lien was paid by the defendant before the time fixed for making the deed had expired. Duluth Loan & Land Co. v. Klovdahl, 55 Minn. 341, 56 N. W. 1119. In this respect the case of Paulsrud v. Peterson, 109 Minn. 524, 122 N. W. 874, differs from the case at bar and is not here in point. Nor did the fact that the county ditch was a servitude upon the farm give a right to rescind the contract. No representations were made by the defendant as to the ditch which was then constructed across the farm and examined by the plaintiff.

It is, however, urged that he did not know that it was a public ditch, but believed it to be a private ditch, and that the defendant was bound to tell him that it was a county ditch. If plaintiff had

asked the defendant whether the ditch was a public or private one and he had given a false answer, there would be some basis for the claim, but there was nothing of the kind. The claim of the plaintiff, reduced to its lowest terms, is that the defendant ought to have known that the plaintiff was so inexperienced that it would not occur to him that the ditch was a public one, and that he was too modest to inquire if he did not know its character; hence the defendant fraudulently concealed a material fact when he told the plaintiff that he had stated to him all the material facts which he knew concerning the farm. Upon the facts found by the trial court there is no more equity in plaintiff's asserted right to rescind the contract on account of the ditch than there would have been if the servitude had been a public highway instead of a ditch.

2. The assignments of error in regard to the admission or rejection of evidence have been examined in detail and we find no reversible error in the rulings. The most serious, alleged errors relate to the rejection of evidence as to the ditches on the farm, but in view of the findings of the trial court as to this matter, it is clear that such rulings could not have been prejudicial.

Order affirmed.